IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASMYNE HEDGES,

    *Plaintiff*,

vs.

CINCINNATI METROPOLITAN
HOUSING AUTHORITY,

    *Defendant*.

Case No. 1:25-cv-492

Judge Jeffery P. Hopkins

## OPINION & ORDER

This matter is before the Court on the Motion of Plaintiff Jasmyne Hedges to Remand to State Court (Doc. 6). The Cincinnati Metropolitan Housing Authority (CMHA) has responded (Doc. 13) and Ms. Hedges filed a reply (Doc. 15). For the reasons explained below, the Motion to Remand (Doc. 6) is **GRANTED**.

### I.    BACKGROUND

This case arises from Plaintiff Jasmyne Hedges's experiences in housing provided by CMHA, a federally subsidized public housing provider. Compl., Doc. 2, ¶ 1. Ms. Hedges lives in a CMHA unit at 784 Greenwood Ave., Cincinnati, Ohio, with her two minor children. *Id.* ¶ 5. Ms. Hedges was a victim of domestic violence at the hands of the father of her children, Michael Edward New, and on October 15, 2024, she received a Domestic Violence Civil Protection Order against Mr. New in the Hamilton County Court of Common Pleas. Doc. 1-1, PageID 17. She then requested an emergency transfer to a different housing unit, but CMHA did not approve that request until May 8, 2025. Compl., Doc. 2, ¶ 9. Even after

approving the transfer request, Ms. Hedges contends, CMHA has failed to transfer her to another unit or provide her a voucher for other housing. *Id.*

Since receiving the domestic violence protection order, Ms. Hedges has been assaulted by Mr. New at her residence at least twice. In one incident in November 2024, Mr. New threatened Ms. Hedges with a firearm, according to police. Doc. 1-1, PageID 27. In a separate incident on April 19, 2025, Mr. New slapped and pushed Ms. Hedges during an altercation at her apartment, according to police. Doc. 1-1, PageID 33.

On July 2, 2025, Ms. Hedges sued CMHA in the Hamilton County Court of Common Pleas, alleging that CMHA's failure to transfer her violated her rental contract with CMHA, violated her procedural due process rights, amounted to discrimination on the basis of sex under the Ohio Fair Housing Act, and violated CMHA's warranty of habitability. *See* Compl., Doc. 2, ¶¶ 42–63. Ms. Hedges' breach of contract claim was premised, in part, on CMHA's obligations under the parties' rental contract to comply with the federal Violence Against Women Act, 34 U.S.C. § 12491. *See id.* ¶ 43. On July 3, 2025, the Hamilton County Court of Common Pleas entered a Temporary Restraining Order directing CMHA to offer Ms. Hedges other housing options. Doc. 1-2, PageID 59–60.

On July 15, 2025, CMHA removed the case to this Court, alleging that this Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1441 because Plaintiff purportedly asserted claims under the federal Violence Against Women Act (VAWA) and also invoked her right to procedural due process. Doc. 1, PageID 2.

On July 18, 2025, Ms. Hedges filed the motion to remand presently under consideration, Doc. 6, which is now fully briefed.

**II.     STANDARD OF REVIEW**

"A motion to remand challenges the Court's subject-matter jurisdiction over the dispute removed from state court." *Wright v. Terrill*, No. 1:25-cv-50, 2025 WL 1669138 at *3 (S.D. Ohio June 13, 2025). Under the statute governing removal of civil actions, 28 U.S.C. § 1441, a party may remove an action when the district court to which the action is being removed would properly have original jurisdiction over that action. *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

The party seeking removal—here CMHA—"bears the burden of demonstrating that the district court has original jurisdiction." *Id.* Further, because "lack of jurisdiction would make . . . continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.* (internal quotation marks and citation omitted). The Court's determination of jurisdiction is limited to the legal bases for removal asserted in the notice of removal. *Wright*, 2025 WL 1669138 at *3.

### III. LAW & ANALYSIS

CMHA's Notice of Removal asserts that removal is proper because this Court has jurisdiction over Ms. Hedges' action under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* Doc. 1, PageID 2. This is known as "arising under" or "federal question" jurisdiction. The Notice contends removal is appropriate because of Ms. Hedges' VAWA-related claim and her procedural due process claim. Doc. 1, PageID 2.

In response to Ms. Hedges' Motion to Remand, CMHA argues that the Court has federal-question jurisdiction because of Ms. Hedges' VAWA-related claim. Doc. 13. It further argues that this Court has supplemental jurisdiction over Ms. Hedges' remaining state-law claims. *Id.* at PageID 149–50. It makes no argument regarding the procedural due process

basis for jurisdiction. Accordingly, it has not met its burden to prove that basis for jurisdiction. *See Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction.").

Additionally, Ms. Hedges requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c).

The Court proceeds to address the issue of federal-question jurisdiction on the basis of Ms. Hedges' VAWA-related claim, then the request for attorney's fees.

<u>Violence Against Women Act</u>

"[T]he 'arising under' gateway into federal court . . . has two distinct portals. The well-worn thoroughfare admits litigants whose causes of action are created by federal law, that is, where federal law provides a right to relief." *Eastman*, 438 F.3d at 550. The less well-worn path provides jurisdiction over certain state-law causes of action that "implicate significant federal issues." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). This less-common path is the one that concerns us in this case, as CMHA concedes that Ms. Hedges' complaint asserts "four state-law causes of action" and no federal-law causes of action. Doc. 13, PageID 143.

Where a party seeking removal opts for this less well-trod path, there are no easy answers. "There is no single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties," so courts presented with this ground for jurisdiction must "examine the factors bearing on the substantiality of the federal question involved against the background of the federal-state division of responsibility for adjudicating disputes." *Eastman*, 438 F.3d at 550–51 (internal quotation marks and citation omitted). Federal-question jurisdiction requires more than that a federal statute be involved

in the dispute—it requires that the case involve "the interpretation of a federal statute that actually is in dispute in the litigation and is so important that [the case] sensibly belongs in federal court." *Id.* at 552 (internal quotation marks and citation omitted).

Applying this analysis, the Court concludes that Ms. Hedges' invocation of the Violence Against Women Act in her complaint does not give rise to federal-question jurisdiction. First, the meaning of the relevant statute is not genuinely in dispute. CMHA contends that the parties "essentially agree on the operative facts" and their dispute "turns on the legal question of whether CMHA violated VAWA," or, put another way, "whether under VAWA, Hedges was entitled to a transfer ahead of other similarly situated VAWA applicants." Doc. 13, PageID 149. But this characterization is at odds with Ms. Hedges' complaint. Her contract claim was premised on CMHA's representation to her, in the parties' rental agreement, that it would follow federal regulations and guidance governing emergency transfer requests. The legal question is not "whether CMHA violated VAWA," *id.*, but whether its handling of her emergency transfer request was inconsistent with its representations to her in the parties' lease agreement. Second, even accepting CMHA's characterization, it appears that jurisdiction would not be proper. The parties' dispute is not over whether CMHA has some obligation to offer emergency transfers—both parties agree on that—but how to weigh competing requests for emergency transfers. The meaning of the VAWA thus "is not in serious dispute in this case." *Eastman*, 438 F.3d at 552.

Other courts to consider this issue are in accord. In *McVicker v. Muskogee Housing Authority*, a case Ms. Hedges points to, the court declined to exercise federal question jurisdiction over a breach-of-contract action against a public housing agency involving allegations that the agency did not comply with VAWA. No. 22-cv-108, 2024 WL 4416555

(E.D. Okla. Oct. 4, 2024). The court concluded that to the extent the parties' dispute involved questions about the interpretation of the VAWA, those questions were "neither substantial nor . . . in genuine dispute." *Id.* at *10. CMHA contends that unlike that case, this case involves a serious dispute over the meaning of the VAWA, but the Court is unpersuaded by this distinction; both cases involve allegations that the defendant public housing agency did not follow appropriate procedures under the VAWA, and there is no reason to think Ms. Hedges' case is the unusual such case that involves a substantial dispute over the meaning of the VAWA.[1]

Similarly, in *Current v. Housing Authority of New Orleans*, the court *sua sponte* remanded to state court a case arising from a dispute between a public housing resident and her landlord. No. CV 24-1883, 2024 WL 5041175 (E.D. La. Dec. 9, 2024). That case, like this one, involved a request by the resident for an emergency transfer under the VAWA; the resident asserted that the agency's decision that she was not eligible for transfer "violated VAWA regulations and [the Housing Authority of New Orleans (HANO)]'s policies." *Id.* at *3. Nonetheless, the court found no jurisdiction because the case did not involve a dispute over the meaning of the VAWA. The court's discussion of the issue is instructive:

> Federal VAWA regulations require each public housing authority to adopt an 'emergency transfer plan' that allows 'a tenant who has tenant-based rental assistance' to 'move quickly with that assistance' if the tenant 'expressly requests the transfer' and 'reasonably believes there is a threat of imminent harm from further violence if the tenant remains within the same dwelling unit.' Current alleges that HANO had such a policy but violated it. There was no dispute about what the policy said or meant. . . . Current's claims *do not involve a dispute over the meaning of a federal law or regulation*.

---

[1] Notably, the court in *McVicker* declined to exercise jurisdiction over plaintiff's VAWA-related claims even though it had exercised jurisdiction over plaintiff's related federal claims; it could have chosen to continue to exercise pendent jurisdiction over the VAWA-related claims but chose in its discretion not to do so. *McVicker*, 2024 WL 4416555 at *11. This is an indication of the reticence with which courts approach efforts to use the VAWA to bring disputes between public housing agencies and their tenants into federal court.

*Id.* (emphasis added) (quoting 24 C.F.R. § 5.2005(e)).[2]

Like the courts to confront similar issues in *McVicker* and *Current*, the Court concludes that a public housing resident's allegation that her landlord did not comply with VAWA-mandated regulations does not confer on the court federal-question jurisdiction over the dispute. *See also Jemo Assocs., Inc. v. Greene Metro. Hous. Auth.*, 523 F. Supp. 186, 188 (S.D. Ohio 1981) (rejecting jurisdiction over dispute between developer and public housing authority involving federal public housing regulations; "[T]he mere fact that the contract would be subject to federal regulation does not indicate that the performance or nonperformance of the contract should be governed by federal law, rather than by state law governing similar contracts not subject to federal regulation.").

<u>Request for attorney's fees</u>

Having concluded that remand is proper, the Court proceeds to consider Ms. Hedges' request for attorney's fees. Ms. Hedges requests that this Court award her attorney's fees and costs under 28 U.S.C. § 1447(c). Doc. 6, PageID 87. Under 28 U.S.C. § 1447(c), an order of remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

---

[2] The court also noted that "exercising federal jurisdiction here would disturb the balance of federal and state judicial responsibilities," as "[s]tate courts, not federal, are the proper forum to determine the appropriate scrutiny applied to the decision of a political subdivision or state agency, including a public housing authority." *Current*, 2024 WL 5041175 at *4 (citing *McClarty v. Greene Metro. Hous. Auth.*, 2011-Ohio-4459 (2d Dist.)). This is an additional reason why there is no federal-question jurisdiction here.

Ms. Hedges contends that removal was objectively unreasonable because cases such as *McVickers* and *Jemo Associates* "addressed the very same issue of federal regulations and laws being incorporated into contracts and held that they do not raise a substantial federal issue." Doc. 6, PageID 88.

Given the nature of the relevant authority—either out-of-circuit or relatively old—and the murkiness of issues of federal-question jurisdiction, the Court concludes that removal was not "objectively unreasonable" such that an award of attorney's fees is appropriate. Accordingly, Ms. Hedges' request for attorney fees is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Ms. Hedges' Motion to Remand (Doc. 6) is **GRANTED**. The Court hereby **REMANDS** this case for lack of jurisdiction.

**IT IS SO ORDERED.**

August 6, 2025

Jeffery P. Hopkins
United States District Judge